**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL CASE NO. |
| | : | 3:21cr183 (JCH) |
| v. | : | |
| | : | |
| THOMAS MARRA | : | AUGUST 3, 2022 |
|      Defendant. | : | |

**RULING ON MOTION TO ESTABLISH BOTH CHARGED OFFENSES**
**(DOC. NO. 123)**

Thomas Marra is charged in one count of an Indictment pending against him.
That Count charges him with conspiracy to possess with intent to distribute and
distribution of controlled substances, in violation of section 846 of title 21 of the United
States Code.   He is one of ten defendants in this case.

The court permitted Mr. Marra to file a pro se Motion to Establish Both Charged
Offenses (Doc. No. 123) ("Marra's Mot.").  Mr. Marra is represented by court-appointed
counsel.

In his Motion, which is in effect a Motion to Dismiss, he raises several challenges
to the Indictment against him.  At the core of his argument is that the Indictment is
flawed because it charges him with violating sections 846 and 841 of title 21 of the
United States Code.  He argues such a charge violates the Double Jeopardy Clause of
the Fifth Amendment of the United States Constitution because both sections 841(a)(1)
and 846 are governed by the same penalty provision, section 841(b) of title 21 of the
United States Code.

1

Mr. Marra miscomprehends the Double Jeopardy Clause, as well as the Indictment. To violate the Double Jeopardy Clause, charges brought against Mr. Marra must be for the same offense prosecuted twice. See United States v. Gershman, 31 F.4th 80, 94 (2d Cir. 2022). Here, Mr. Marra has not previously been charged, based on the facts that are asserted in the Indictment, with the crime of conspiracy to possess in violation of section 846 or with the crime of possession in violation of section 841(a). There is only one count against him in the Indictment for one crime, the crime of conspiracy to possess with intent to distribute involving 500 grams of cocaine under section 846. While Mr. Marra claims that he is also charged under section 841, he misreads both that section and section 846.

The sole offense with which Mr. Marra is charged is conspiracy to possess with intent to distribute a controlled substance, in violation of section 846. Section 846 criminalizes conspiracy to commit any of the substantive offenses proscribed by sections 801 to 904 of the same title. 21 U.S.C. § 846. Here, the substantive offense, whose commission was the "object of the conspiracy", is possession with intent to distribute in violation of 841(a)(1). See 21 U.S.C. § 846. In other words, while section 841(a)(1) is referenced in the Indictment, see Indictment at ¶ 2 (Doc. No. 18), that section is cited only because 841(a)(1) provides the offense specific element that is the object of the conspiracy charged under section 846. Mr. Marra is not being prosecuted for two separate offenses under sections 841(a)(1) and 846: rather, he is charged with the single offense of conspiracy to possess.

Nor is Mr. Marra being charged under section 841(b). Rather, section 841(b)(1)(B)(ii) is cited in the Indictment because it provides the quantity and penalty for

2

Mr. Marra's violation of section 846.  See United States v. Gonzalez, 686 F.3d 122, 127 (2d Cir. 2012) (holding that factual allegation as to quantity must be specified in an indictment for a section 846 violation).  Section 846 provides that any person who "attempts or conspires to commit any offense" within sections 801 to 904, including section 841(a)(1), is subject to "the same penalties  . . . prescribed for [that] offense." 21 U.S.C. § 86.  Here, Mr. Marra is charged, under section 846, with conspiracy to violate section 841(a)(1).  The penalties for violating section 841(a)(1) are enumerated in section 841(b).  Under section 846, Mr. Marra's alleged section 846 violation would be subject to "the same penalties" listed in section 841(b).  In sum, Mr. Marra faces only a single charge, under section 846, for which he faces a penalty pursuant to section 841(b)(1)(B)(ii).  See United States v. Cordero, No. 3:17-CR-00150-VAB-1, 2022 WL 2834606, at *11 (D. Conn. July 20, 2022) ("21 U.S.C. § 841(b) is not a separate offense from 21 U.S.C. § 841(a) [or § 846], but rather specifies the penalties imposed for a violation of § 841(a)(1) or § 846").

More directly, section 846 is the conspiracy offense, section 841(a)(1) is the offense specific element, and section 841(b) describes the quantity element and related penalties.  Given that Mr. Marra has not previously been charged with this conspiracy offense, there is no violation of the Double Jeopardy Clause.[1]

A further argument raised by Mr. Marra is that the government has no authority to prosecute a conspiracy charge.  However, section 846 authorizes the government to

---

[1]  To the extent Mr. Marra raises a duplicity challenge to Count One of the Indictment, that argument fails as well.  "An indictment is duplicitous if it joins two or more distinct crimes in a single count."  United States v. Aracri, 968 F.2d 1512, 1518 (2d Cir. 1992).   As has already been noted, Mr. Marra is charged with one offense and one count.

bring conspiracy charges.  As previously noted, section 846 provides that any person who attempts or conspires to commit an offense under section 841(a) of title 21 of the United States Code is subject to the penalties set forth in section 841(b) of the same title.  21 U.S.C. § 846.  The mere fact that the penalties for section 846 are listed in 841(b) does not strip the government of authority to prosecute an individual for the conspiracy under section 846.  Mr. Marra provides no basis for the argument there is no crime of conspiracy that the government can charge.

Finally, the defendant argues that, in section 841(b)(1), the mandatory minimum sentences provided for in that subsection can only be applied to those who are "arrested with the actual drugs in their possession."  Marra's Mot. at 11.  It is plainly clear that section 846 conspiracy offenses carry the same mandatory minimum penalties and maximum penalties as the substantive offense that serves as the object of the conspiracy, here, possession.  21 U.S.C. § 846 (prescribing the "same penalty" for conspiracy as for the underlying substantive offense); see also Burgess v. U.S., 553 U.S. 124, 127 (2008) (applying 841(b)'s mandatory minimum to a conspiracy charge under 846 and 841(a)).  Further, the law of conspiracy under section 846 is clearly established.  A defendant violates section 846 if the following elements are proven: "(1) the existence of the conspiracy charged; (2) that the defendant had knowledge of the conspiracy; and (3) that the defendant intentionally joined the conspiracy."  United States v. Barret, 848 F.3d 524, 534 (2d Cir. 2017).  This court is aware of no interpretation (nor does Mr. Marra cite any law) that provides that a defendant against whom these elements are proven can only be guilty if he physically possessed drugs. See Cordero, 2022 WL 2834606, at *9 ("21 U.S.C. § 846 does not require the

Government to prove that [a defendant] possessed a controlled substance with the intent to distribute.")

For the foregoing reasons, Mr. Marra's Motion to Establish Both Charged Offenses (Doc. No. 123) is denied

**SO ORDERED.**

Dated at New Haven, Connecticut this 3rd day of August 2022.


_____/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge

5